IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYLVIA L. JIBSON, ) | |
| ) | |
| Plaintiff, ) | Case No.   19 C 6773 |
| ) | |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| NORTHEAST ILLINOIS REGIONAL ) | |
| COMMUTER RAILROAD CORPORATION, ) | |
| THE *doing business as Metra*, CORNELL ) | |
| SMITH *in his individual and official capacity* ) | |
| *as general foreman, Metra mechanical*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Sylvia L. Jibson has brought a three count amended complaint against her employer, Northeast Illinois Regional Commuter Railroad Corporation, d/b/a Metra, and Cornell Smith, individually and in his official capacity as general foreman, alleging sexual harassment against Metra in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et.seq. (Count I), sexual harassment against Metra and Smith in violation of the equal protection clause of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 (Count II), and retaliation in violation of both statutes. Defendants have moved to dismiss under Fed. R. Civ. P 12(b)(6) for failure to state a claim. For the reasons that follow, the motion is granted.

## **BACKGROUND**

Plaintiff is a 67 year old African American female currently employed by Metra as an electrician, recently assigned to Federal Railway Act reporting. She was hired by Metra in May 2008 as an experienced journeyman electrician in the Mechanical Department. Plaintiff alleges

that in 2016, when she worked at the Metra Western Avenue location, she experienced what she terms "flirtatious behavior" by Smith. She ignored these episodes and did not report them. While working at the Western Avenue location she won several Illinois lottery awards and treated some of her co-workers to lunch. She did not invite Smith, but he invited himself and "tried to get close to Plaintiff, in her opinion, because of her financial winnings and his interest in possibly sharing them." Plaintiff ignored these overtures.

On August 16, 2018, plaintiff sued Metra alleging that she was denied a promotion based on her gender. While that suit was pending, she was called to report to Smith's office. At that time Smith was a General Foreman in the Mechanical Department. She alleges that as she entered his office Smith placed his hand on her back and ran his hand along her back to the top of her buttocks. She said nothing at that time, but later returned to let him know that it bothered her. He replied "OK." She reported the incident to a fellow senior electrician and to her own foreman. After some delay, Metra required each party to submit a written statement. Plaintiff provided her statement to Metra's Equal Employment Office, and later to the Equal Employment Opportunity Commission ("EEOC").

Plaintiff continues to work for Metra, and when her own managing foreman is unavailable plaintiff must work with Smith, who is "next in command." This has happened about ten times since the incident, which "increases Plaintiff's distress." Plaintiff does not allege that Smith has acted inappropriately at any time since the one incident.

## DISCUSSION

Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). The purpose of such a motion is to test the sufficiency of the complaint, not to judge the merits of the case.

Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor. McMillan v. Collection Professionals Inc., 455 F.3d 754, 758 (7th Cir. 2006). The complaint must plead sufficient facts to plausibly suggest that plaintiff has a right to relief and raise that possibility above the "speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Plaintiff characterizes her claims in Counts I and II as "sexual harassment." Under Title VII there are two types of sexual harassment: 1) hostile work environment; and 2) quid pro quo sexual harassment. Brooks v. FedEx Supply Chain, Inc., 2019 WL 1746264 at * 2 (S.D. Ill. April 18, 2019) (and cases cited therein). In the instant case, plaintiff claims that Smith's actions created a hostile work environment. To state such a claim, plaintiff must allege facts that plausible suggest that: 1) "she was subjected to unwelcome harassment; 2) the harassment was based on her sex; 3) the harassment was sufficiently severe or pervasive so as to alter the condition of her employment and create a hostile or abusive atmosphere; and 4) there is a basis for employer liability." Id. at *3 (citing Boumehdi v. Plastag Holdings, LLC, 489 F.3d 781, 788 (7th Cir. 2007)).

"An environment is hostile or abusive when it is both objectively and subjectively offensive." Id. Plaintiff's complaint is sufficient to allege that she found Smith's actions subjectively offensive. To determine whether harassment is objectively offensive, the court considers the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and

3

whether it unreasonably interferes with an employee's work performance." Harris v. Forklift Systems, Inc., 510 U.S. 17, 23 (1993).

The factual allegations in the amended complaint fail to plausibly allege a hostile work environment. First, the allegation that Smith flirted with and tried to get close to her "because of her financial winnings and his interest in possibly sharing them," does not even allege conduct based on her sex. It was not severe or pervasive. Nor did it affect her performance because she alleges that she ignored it and went on about her business without further incident until 3 years later. As to the "touching" that occurred in 2019, it again is alleged to have been a single isolated incident that ceased once she complained to Smith. "Even more intimate or more crude physical acts - a hand on the thigh, a kiss on the lips, a pinch of the buttocks - may be considered insufficiently abusive to be described as 'severe' when they occur in isolation." Hostetler v. Quality Dining, Inc., 218 F.3d 798, 807 (7th Cir. 2000). In short, plaintiff has failed to allege facts that would allow the court to plausibly infer that she was subjected to a hostile work environment.

Plaintiff's equal protection claims suffers a similar fate. "Gender discrimination claims arising under the Equal Protection Clause and Section 1983 are generally evaluated under substantially the same framework as Title VII claims. Lockwood v. McMillan, 237 F. Supp. 3d 840, 866 (S.D. Ill. 2017). The lone difference is that under §1983 a plaintiff must allege and prove that the defendant acted with discriminatory intent. Id. (citing King v. Bd. of Regents of Univ. of Wisc. Sys., 898 F.32d 533, 537-38 (7th Cir. 1990)). The ultimate inquiry in a § 1983 hostile work environment equal protection claim is whether the sexual harassment constitutes intentional discrimination, unlike a Title VII claim where the focus is whether the sexual harassment altered the conditions of employment. Id. (citing Bohen v. City of East Chicago, Ind.,

4

799 F.2d 1189, 1187 (7th Cir. 1986). Thus, to state a claim against Metra, plaintiff must allege facts to show Metra's conscious failure to protect her from the abusive conditions created by Smith amounted to intentional discrimination, or that sexual harassment attributable to Metra amounted to intentional sex discrimination. Bohen, 799 F.2d at 1187.

Plaintiff has failed to allege facts to plausibly suggest either scenario. She has not alleged that Metra consciously failed to protect her from abusive conditions because she has not alleged abusive conditions. She never complained about the 2016 flirting, so at the time that Smith allegedly touched her in 2019, Metra had no notice that she needed protection. And nothing happened after that single incident in 2019. Consequently, the court concludes that plaintiff has failed to allege intentional discrimination against Metra. Nor does the one alleged incident support a claim of intentional discrimination against Smith individually. As a result, the court grants defendants' motion to dismiss counts I and II.

Finally, in Count III plaintiff alleges that she "views the conduct of Defendant Smith as a continuation of the harassment and retaliation she has experienced since her first efforts to engage in protected activity by filing complaints with Metra EEO, IBEW union, IDHR and the EEOC culminating in the litigation filed on August 16, 2018." As defendants note, to the extent that plaintiff is alleging that she was retaliated against for activity protected by statute (Title VII), § 1983 provides no remedy. See Gray v. Lacke, 885 F.2d 399, 414 (7th Cir. 1989). With respect to Title VII, defendants correctly note that plaintiff has failed to allege any material adverse action taken by defendant as a result of her complaints. See Carlson v. CSX Transp. Inc., 758 F.3d 819, 829 (7th Cir. 2014). Consequently, the court grants defendants' motion to dismiss Count III.

**CONCLUSION**

5

For the reasons described above, Defendants' motion to dismiss [Doc. 18] is granted.

Date: September 8, 2020

Robert W. Gettleman
United States District Judge